UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PRIMITIVO ROBLES,

                        Plaintiff,

            -against-

LAMBSBREATH LLC, d/b/a LAMB'S BREAD
DISPENSARY,

                        Defendant.

------------------------------------------------------------X

24-CV-7501 (JLR)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE JENNIFER L. ROCHON:**

    Primitivo Robles ("Plaintiff") filed a complaint against Lambsbreath LLC ("Defendant"), alleging that Defendant's website is inaccessible to members of the blind and visually-impaired community in violation of Title III of the Americans with Disabilities Act ("ADA"), New York City Human Rights Law, New York State Human Rights Law, and New York State Civil Rights Law. Compl., ECF No. 1. The Defendant has failed to appear and, on February 27, 2025, the Honorable Jennifer L. Rochon referred this matter to my docket for a report and recommendation on the Plaintiff's motion for default judgment. I recommend that a default be entered, and that the matter then be referred to my docket for an inquest on damages, injunctive relief, and attorney's fees.

## BACKGROUND

    Plaintiff is legally blind and cannot use a computer without the use of screen reader software. Compl. ¶ 23. Plaintiff utilizes a non-visual desktop access (NVDA) software for

Windows. Id. Defendant, doing business as Lamb's Bread Dispensary, is a marijuana dispensary that has two locations in New York County and Yonkers. Id. ¶ 2.

Plaintiff was diagnosed with Retinitis Pigmentosa in 2017, resulting in vision-impairment. Id. ¶ 23. Plaintiff previously relied on prescribed medication to manage the pain associated with the diagnosis. Id. ¶ 26. Plaintiff ceased use of the prescribed medications due to dangers of dependency and learned that specific, lawful strains of marijuana could provide similar relief. Id. Plaintiff then learned of Defendant's business. Id. ¶ 27

On September 25, 2024, Plaintiff attempted to access Defendant's website, www.lambsbreaddispensary.com, for the first time. Id. Despite the amount of information on the website, Plaintiff faced significant accessibility barriers preventing full access to the website. Id. ¶ 28. Among the barriers to blind and visually-impaired individuals were "Broken Links, Empty Aria Elements Absent Accessible Names, Links without Accessible Names, Empty Buttons, Redundant Alternative Text, and Skipped Heading Levels." Id. ¶ 34. As a result of these barriers, Plaintiff was unable to access the website fully and complete his purchase.

On October 21, 2024, a summons and complaint were served with the Secretary of State on Defendant. ECF No. 6. Pursuant to CPLR 3012(c), Defendant's time to respond to the complaint was 30 days thereafter, or November 20, 2024. Plaintiff later filed a letter indicating that counsel had spoken with a person who claimed to be the owner of the Defendant company, and that the owner intended to retain counsel. ECF No. 9. Accordingly, Plaintiff requested an extension of time for Defendant's response, which was granted to December 19, 2024. ECF No. 10.

On December 26, 2024, after Defendant failed to appear and file an answer, the Court directed Plaintiff to file a motion for default judgment. ECF No. 12. The Clerk of Court issued a Certificate of Default on January 8, 2025. ECF No. 17. Plaintiff filed a motion for default judgment, which was served by mail to Defendant's two physical locations: (1) Lambsbreath, LLC, Lamb's Bread, 2128 2nd Ave, New York, NY 10029; and (2) Lambsbreath, LLC, Lamb's Bread, 1173 Yonkers Ave, Yonkers, NY 10704. ECF Nos. 19, 21.

Plaintiff seeks (1) injunctive relief requiring alteration to Defendant's website to make it more accessible to, and usable for, individuals that are blind and visually-impaired; (2) declaratory judgment; (3) statutory, compensatory, and punitive damages; and (4) attorney's fees and costs. To date, Defendant has failed to appear or defend itself in this action.

## DISCUSSION

The Court is satisfied that service upon Defendant was properly effected through service upon the New York Department of State. The Court has independently confirmed through a search on the website maintained by the Department of State, Division of Corporations, that Lambsbreadth LLC is an "active" domestic limited liability company in the State of New York. Accordingly, the Defendant has received adequate notice of this action and the risk of a default judgment, including that the Court may order changes to the Defendant's website, monetary damages, and attorney's fees. The representation that Plaintiff's counsel spoke with the Defendant's owner further assures the Court that the Defendant is aware of this lawsuit and the obligation to respond.

## CONCLUSION

Because service has been properly effected and the Defendant has not appeared, I recommend that the Court enter a default. Thereafter, I request that the Court remit the matter

to me to recommend an appropriate injunction and any compensatory or attorney's fees award.

Plaintiff is ordered to serve this Report and Recommendation on Defendant and file a certificate of service with the Court. In addition to mailing this Report and Recommendation to the 2nd Avenue and Yonkers Avenue addresses listed above, Plaintiff shall serve this Report and Recommendation on Defendant by mailing it to 2142 Westfall Road, Rochester, NY 14618, the address listed for the Defendant with the New York Department of State.

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 6, 2025
         New York, New York

\*           \*           \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Jennifer L. Rochon if required by her Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Rochon. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for

purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013).