UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRIMITIVO ROBLES, on behalf of himself and all others similarly situated,<br><br>                        Plaintiff,<br><br>-against-<br><br>LAMBSBREATH LLC, doing business as Lamb's Bread Dispensary,<br><br>                        Defendant. | Case No. 1:24-cv-07501 (JLR) (SN)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

        On January 31, 2025, following the entry of a Clerk's Certificate of Default as to Defendant Lambsbreath LLC, doing business as Lamb's Bread Dispensary ("Defendant"), Dkt. 17, Plaintiff Primitvo Robles ("Plaintiff") moved for the entry of default judgment, damages, and injunctive relief, among other things. Dkt. 19-1 at 6-7. The Court subsequently referred the motion to Magistrate Judge Netburn. Dkt. 22. In the Report and Recommendation ("R&R") filed on March 6, 2025, Magistrate Judge Netburn recommended the entry of default judgment. Dkt. 24 ("R&R") at 1. Magistrate Judge Netburn further recommended that the matter then be re-referred to her docket for an inquest on damages, injunctive relief, and attorney's fees. *Id.*

        In reviewing an R&R, a district court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). To accept "uncontested portions of a report and recommendation, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Qlay Co. v. Owen*, No. 21-cv-01784 (JLR), 2024

WL 4769718, at *1 (S.D.N.Y. Nov. 13, 2024) (quoting *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)). "A decision is 'clearly erroneous' when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-4394 (AJN), 2018 WL 1750595, at *21 (S.D.N.Y. Apr. 11, 2018) (quoting *Courtney v. Colvin*, No. 13-cv-02884 (AJN), 2014 WL 129051, at *1 (S.D.N.Y. Jan 14, 2014)).

Here, the R&R advised Defendant that it had fourteen days from the service of the R&R to file any objection and warned that "[t]he failure to file timely objections will waive those objections for purposes of appeal." R&R at 4-5. The R&R also cited 28 U.S.C. § 636(B)(1) and Federal Rule of Civil Procedure 72(b), under which the parties had fourteen days from service of the R&R to file written objections. *Id.* That time has expired, and no objections have been filed. Accordingly, the parties have waived their right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) ("[F]ailure to object timely to a report waives any further judicial review of the report.").

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the R&R for clear error. The Court finds that the report is comprehensive and clear from error, and therefore adopts Magistrate Judge Netburn's R&R in its entirety. *See Qlay*, 2024 WL 4769718, at *1, *Ramos v. CJ Contractor Servs., Inc.*, No. 23-cv-00274 (JLR), 2024 WL 3952643, at *1 (S.D.N.Y. Aug. 27, 2024).

The Clerk of Court is requested to enter default judgment in favor of Plaintiff. The Court shall submit an Amended Order of Reference referring this matter to Magistrate Judge

Netburn for a recommendation as to an appropriate award of damages, injunctive relief, and/or attorney's fees.

Dated: April 18, 2025
      New York, New York

                                    SO ORDERED.

                                JENNIFER L. ROCHON
                                United States District Judge